Robert L. Eastman Montgomery County Counselor 127 W. 8th Coffeyville, Kansas 67337
Dear Mr. Eastman:
As counselor for Montgomery county, you request our opinion regarding whether the board of county commissioners for Montgomery county may call an election for the purpose of submitting to the electorate a question authorizing a tax levy. The tax levy would be implemented to pay the county's share of the cost of purchase, improvement, support, and maintenance of a youth camp or home.
Montgomery county entered into an interlocal cooperation agreement for the purpose of sharing in the financing, maintenance, and operation of the Southeast Kansas regional juvenile detention center. On October 26, 1992, the board of county commissioners for Montgomery county ratified Resolution No. 92-91. The resolution authorized a tax levy of one mill, the purpose of which was to pay the county's obligation under the interlocal cooperation agreement. Within 30 days of the last date of publication of the resolution, a petition seeking to bring the resolution to a vote of the electorate was filed with the county election officer as authorized under K.S.A. 38-546. The petition was certified on December 21, 1992.
K.S.A. 38-546 permits a board of county commissioners to adopt a resolution levying an annual tax on all assessed taxable tangible property of the county.
 "[I]f within thirty (30) days following the last publication of such resolution a petition signed by electors equal in number to not less than five percent (5%) of the electors of such county which voted for secretary of state at the last preceding general election shall be filed in the office of the county election officer of such county requesting an election upon the proposition to levy such tax, no such tax shall be levied without the question of levying the same having first been submitted to and been approved by a majority of the electors of such county voting at an election called and held thereon. If a valid petition is filed within the time specified with the county election officer of the county no tax shall be levied until the question of levying the same shall have been submitted to and been approved by a majority of the electors of the county voting at an election called and held thereon." K.S.A. 38-546.
Elections called under K.S.A. 38-546 are to be held in the manner prescribed in K.S.A. 10-120. K.S.A. 38-546. K.S.A. 10-120, which addresses general bond law, provides in part:
 "The election shall be held within 45 days after compliance with the necessary requirements, or within 90 days, should the longer period include the date of a general election.
 "Notice of the election shall be published in a newspaper of general circulation in the municipality once each week for two consecutive weeks. The first publication shall be not less than 21 days prior to the election."
In the present case, the board of county commissioners did not call the election before the expiration of the 90 days.
To address your concerns we must interpret the meaning of K.S.A. 10-120
and 38-546. The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). The fundamental rule of statutory construction is that the intent of the legislature governs. House v. American Family Mutual Ins. Co.,251 Kan. 419, 423 (1992). In construing a statute ordinary words are to be given their ordinary meaning. Boatright v. Kansas Racing Commission,251 Kan. 240, 245 (1992). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindalev. Tenny, 250 Kan. 621, 629 (1992).
It is clearly stated in K.S.A. 38-546 that, once a valid petition is filed with the county election officer, no tax may be levied unless the question is submitted to the electorate and approved by a majority of the electors voting thereon. Therefore, the plain meaning of K.S.A. 38-546
provides that the county cannot levy a tax until an election is called.
It is well established that time and place are of the substance of an election. Gossard v. Vaught, 10 Kan. 162, 167 (1872); Wycoff v. Board ofCounty Commissioners, 191 Kan. 658, 665 (1963). When the legislature has named a day on which an election is to be held, or placed bounds within which it must be held, a proclamation naming a day other than that fixed by the statutes is void and the election confers nothing. Gossard,10 Kan. at 167. Likewise, it has been held that provisions for notice of the time and place of election are mandatory. City of Wichita v. Robb,163 Kan. 121 (1947).
K.S.A. 38-546 provides that the election is to be held within 45 days following the filing of a valid petition, or within 90 days should the longer period include a general election. Notice of the time and place of the election is to be provided so that the second notice appears no less than 21 days prior to the election. According to your calculations, February 4, 1993, was the last day to fall within the 90-day period established for holding the election and the notice would have to have been issued no later than January 14, 1993.
Based on the above statutory interpretation it is our opinion that no tax levy can be made pursuant to K.S.A. 38-546 because a valid petition was filed and the time period within which the election may be held has passed. Therefore, if the board of county commissioners for Montgomery county wishes to levy this tax, it will need to pass a new resolution in accordance with K.S.A. 38-546. The new resolution would then be subject to petition.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm